IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL DAVIS,** | : |
| Plaintiff, | : CIVIL NO. 3:CV-04-2284 |
| v. | : (Judge Caputo) |
| **UNITED STATES OF AMERICA, et al.,** | : |
| Defendants. | : |

# M E M O R A N D U M

## I.     Introduction

Plaintiff, Michael Davis, an inmate at the United States Penitentiary-Allenwood ("USP-Allenwood") in White Deer, Pennsylvania, commenced this *pro se* action with a *Bivens*[1] civil rights complaint (Doc. 1). Named as Defendants are the United States of America,[2] as well as the following USP-Allenwood officials: Warden Troy Williamson; CODE[3] Coordinator Dr. Marie Trgovac; discipline hearing officer ("DHO") Todd Cerney; and CODE treatment specialists Steve Confair, Richard Drivers, and Suzanne Mitchell. The

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] As it relates to the United States, the complaint is devoid of specific allegations of wrongdoing or involvement, and thus the Court will interpret general allegations of wrongdoing by "Defendants" to include the United States of America. Regardless, the United States of America would enjoy immunity in a suit for damages. *U.S. v. Navajo Nation*, 537 U.S. 488, 502 (2003).

[3] The acronym "CODE" stands for "Challenges, Opportunities, Discipline, and Ethics," a Bureau of Prisons program at USP-Allenwood aimed at teaching high-security inmates positive social values and life skills. *See* Doc. 18-1 at 5, n. 2.

thrust of Plaintiff's allegations is that: (1) Defendants conspired to and did retaliate against him for previously filing a claim for injunctive relief against them ; (2) Plaintiff was denied due process at a disciplinary hearing; and (3) Williamson acquiesced in the retaliation of his subordinates.  (Doc. 1 at 5.)  Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and expungement of his misconduct from his disciplinary record.

Presently pending before the Court is Defendants' motion to dismiss and for summary judgment (Doc. 13).  The motion has been briefed, and it is ripe for disposition.  For the reasons set forth below, Defendants' motion for summary judgment will be granted.

## II.      **Background**[4]

Plaintiff was a participant in the USP-Allenwood CODE program, a program aimed at teaching inmates positive social values and life skills.   Dr. Marie Trgovac is the Coordinator of the CODE program.  It appears from the record that Plaintiff and Trgovac were often at odds, and Plaintiff ultimately initiated litigation against Trgovac and others in this Court.  Plaintiff alleges that all of his difficulties at USP-Allenwood have stemmed from Defendants' resentment over this litigation.

On May 25, 2004, an officer conducting a cell search allegedly found a seven-inch sharpened metal rod taped inside a locked locker which contained Plaintiff's personal belongings.  As a result of the discovery, Plaintiff was charged with the prohibited act of possession, manufacture or introduction of a weapon.  Although Plaintiff does not dispute

---

[4]The facts are set forth in Defendants' Statement of material facts in support of their motion (Doc. 19), and they are uncontroverted by Plaintiff.  Accordingly, the facts will be deemed admitted.  *See* M.D.Pa.L.R. 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party.")

that the locker was his, he claims that the weapon was planted in his locker by Defendants, in retaliation for his legal action and his acrimony with Trgovac.

In preparation for his disciplinary hearing on the weapon charge, Plaintiff alleges that he requested various Defendants to view the surveillance tape of his cell, to verify that the weapon was planted by Defendants; he claims this request was made of Warden Williamson on May 28, 2004, of interviewing officer Lt. Zoda "approximately one week later," of Mr. Snyder on June 3, 2004, of staff representative Wolever on June 8-10, 2004, and of DHO Cerney on July 19, 2004.  (Doc. 20 at 7-9.)  However, Plaintiff was told that the videotape was no longer available because it had been "recycled due to standard time passage."

A disciplinary hearing for the weapon charge was held on July 21, 2004, and Plaintiff was found guilty.   As a sanction for the violation, Plaintiff was disciplined with sixty (60) days disciplinary segregation, and he has forfeited no good conduct time for the incident.  Plaintiff claims that he was denied due process at the hearing, as a result of a conspiracy among Defendants in retaliation for the litigation against Trgovac.  Plaintiff infers that the requested tape was deliberately destroyed, that the alleged weapon had previously appeared in another inmate's cell, and Defendants had planted that weapon in his cell to fabricate the violation.

### III.        Discussion

#### A.  Motion to Dismiss Standard

Defendants have filed a motion to dismiss Plaintiff's complaint.  The motion to dismiss is based, in part, upon a contention that Plaintiff's complaint fails to state a claim upon which relief can be granted, as provided by Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b) provides in part as follows:

> If, on a motion asserting the defense numbered (6) to
> dismiss for failure of the pleading to state a claim upon
> which relief can be granted, matters outside the pleading
> are presented to and not excluded by the court, the
> motion shall be treated as one for summary judgment
> and disposed of as provided in Rule 56 . . . .

Fed. R. Civ. P. 12(b). Defendants' brief in support of the motion includes exhibits (Doc. 18-2) which incorporate several declarations, two DHO reports, two administrative remedies, and an operations memorandum for the CODE program. Since the Court will not exclude the supplemental materials, the motion to dismiss will be construed as a motion for summary judgment under Rule 12(b).

### B.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Mraz v. County of Lehigh,* 862 F. Supp. 1344 (E.D. Pa. 1994).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings. Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). When addressing a summary judgment motion, our inquiry focuses on "whether ***the evidence*** presents a sufficient

4

disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52 (emphasis added).

### C.  Retaliation

Plaintiff claims that Defendants retaliated against him for an injunction action he initiated against Tragovac and others.  Specifically, he claims Defendants: (1) planted a weapon in his locker; and (2) conspired to deny his due process protections in the resulting disciplinary hearing.  To prove retaliation, Plaintiff must demonstrate: (1) that he engaged in constitutionally protected conduct; (2) an adverse action by the Defendants sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him.  *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003), *citing Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Allah v. Seiverling*, 229 F.3d 220, 224-25 (3d Cir. 2000).

It is undisputed that Plaintiff has a protected interest in seeking redress of his grievances through the courts.  However, he has failed to establish the second and third requisite elements to sustain his retaliation claim.  Plaintiff claims that he filed a civil action for injunctive relief against one or more of the Defendants, and that it is this action that sparked Defendants' retaliation.  He claims that on the day that injunctive relief was denied to him in his civil action, Defendants retaliated against him by planting a knife in his locker.  (Doc. 20 at 5-6.)  Assuming this to be true, Plaintiff fails to present evidence that the alleged retaliatory conduct would deter a person of ordinary firmness from exercising his rights.  Certainly, the alleged retaliatory conduct has not deterred Plaintiff in pursuing this action, or in challenging his misconducts through the administrative process.

Moreover, Plaintiff has not shown a proximity in time between the initiation of litigation and the alleged retaliatory conduct.  Although Plaintiff claims that the trigger for the retaliation was his request for injunctive relief in this Court, the record does not support his contention.  Plaintiff alleges that the same day the "federal court denied issuance of the preliminary injunction [in case No. 3:CV-04-2284] . . . an officer . . . found a seven inch sharpened rod taped inside plaintiff's locker." (Doc. 20 at 5-6.)  Nevertheless, the alleged retaliation (planting and discovery of the knife) took place on May 25, 2004 (Doc. 20 at 6), nearly five months prior to the day the alleged triggering litigation, case No. 3:CV-04-2284, was filed (October 19, 2004).  Therefore, Plaintiff fails to set forth the requisite elements to sustain a retaliation claim, and summary judgment will be granted on this issue.

### D.    Disciplinary Hearing

As a result of the weapon found in his locker, Plaintiff was issued a misconduct.  Plaintiff alleges that as a further act of retaliation, Defendants conspired to deprive him of procedural due process in his disciplinary hearing, in contravention of his rights under the Fourteenth Amendment of the United States Constitution.  However, Plaintiff does not refer to any evidence or facts in the record to support either the conspiracy claim or the claim of due process violation.

### E.    Conspiracy

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations.  *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992), *cert. denied*, 506 U.S. 1079 (1993); *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989); *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989).  The United States Court of Appeals for the Third Circuit has noted that "[a] conspiracy claim must . . . contain supportive factual allegations." *Rose*, 871 F.2d at 366.  "To plead

6

conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Shearin v. E.F. Hutton Group, Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between individuals. *See D.R. by L.R.*, 972 F.2d at 1377; *Durre*, 869 F.2d at 545. Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. *Id.; Rose*, 871 F.2d at 366; *Chicarelli v. Plymouth Garden Apartments*, 551 F. Supp. 532, 539 (E.D. Pa. 1982). Where a civil rights conspiracy is alleged, there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

There are no averments of material fact in the complaint that reasonably suggest the presence of an agreement or concerted activity between Defendants to violate Plaintiff's civil rights. Although Plaintiff sets forth "subjective suspicions and unsupported speculation," *Young*, 926 F.2d at 1405, he offers nothing more than this bare conjecture. Further, he does not set forth the period of the conspiracy. While he claims that evidence was denied or destroyed, and Defendants influenced "the DHO's independent decision-making" (Doc. 20 at 11), again he offers nothing more than conjecture and speculation. Moreover, Plaintiff fails to establish a due process violation resulting from the alleged conspiracy.

7

## F.     Due Process

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law. *Torres v. Fauver*, 292 F. 3d 141, (3d Cir. 2002). The Supreme Court has mandated a two-part analysis of a procedural due process claim: (1) "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property(,)'" and (2) "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" *Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000).

It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Although the Supreme Court has found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time, *Id.,* Plaintiff's sanctions[5] did not include the loss of good conduct time. Thus he has failed to identify a liberty interest in this matter. If there is no protected liberty or property interest, it is unnecessary to analyze what procedures were

---

[5]Petitioner was sanctioned with sixty (60) days disciplinary segregation. (*See* Doc. 18-2, Ex. C at 4, ¶ VI.)

8

followed when an alleged deprivation of an interest occurred.[6]  Therefore, summary judgment will be granted on this issue.

### G.     Respondeat Superior

Plaintiff claims that Defendant Williamson is liable solely in his supervisory capacity as Warden.  He is mistaken.  It is well-established that "[A] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondent superior."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988).  The personal involvement requirement can be satisfied by a showing of "personal direction or of actual knowledge and acquiescence."  *Id.*; *Pansy v. Preate*, 870 F. Supp. 612, 630 (M.D. Pa. 1994), *aff'd mem.*, 61 F.3d 896 (3d Cir. 1995).  Plaintiff claims that Williamson knew of and acquiesced in his subordinates' misconduct.  "[B]y approving, authorizing, condoning or encouraging misconduct, either tacitly or positly [sic]," (Doc. 20 at 15), Williamson had given knowing acquiescence to the misconduct of his subordinates.  However, other than Plaintiff's conclusory assertion, he provides no

---

[6]Regardless, Plaintiff has not shown a denial of due process. In *Wolff*, the Supreme Court set forth minimum procedural due process requirements for prison disciplinary proceedings:  (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action.  *Id.; see also* 28 C.F.R. § 541.
   Plaintiff received nearly two months advance written notice (Doc. 18-2, Ex. C at 1, ¶ I A. and B; 2.), he received assistance of a representative (*Id.* at ¶ II A. and B.), and he received a written decision with a statement of evidence and a rationale (Doc. 18-2, Ex. C).  Further, notwithstanding his claims to the contrary, the record supports a conclusion that he appeared before an impartial body, the DHO stipulated to his offer of proof on witness testimony (*Id.* at ¶ II C. 3.), and he was permitted to present documentary evidence (*Id.* at ¶ II E.)  While he requested a copy of surveillance tape, the tape had been "recycled due to standard time passage."  (*Id.* at ¶ II E.)

9

documentation or facts that establish the claim. Accordingly, Williamson's motion for summary judgment will be granted.[7]

**IV.     Conclusion**

Since Plaintiff has not established retaliation, conspiracy, denial of due process, or supervisory liability, and Plaintiff's complaint is devoid of allegations implicating the United States of America, Defendants' motion for summary judgment will be granted. An appropriate order follows.


Dated: October 6, 2005               /s/ A. Richard Caputo
                                     A. RICHARD CAPUTO
                                     United States District Judge

---

[7] In light of the disposition of the foregoing issues, the Court is not required to address Defendants' claim of qualified immunity.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL DAVIS,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL NO. 3:CV-04-2284** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **UNITED STATES OF AMERICA, et al.,** | : | |
| | : | |
| Defendants. | : | |

# O R D E R

**AND NOW, THEREFORE, THIS 6th DAY OF OCTOBER, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. Defendant's motion to dismiss or, in the alternative, for summary judgment (Doc. 13) is construed as a motion for summary judgment, and the motion is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff, and the Clerk of Court shall mark this case closed.

3. Any appeal from this Order shall be deemed frivolous, without probable cause, and not taken in good faith.

    /s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge